HALL, Acting Chief Judge.
The appellant, Joyce Cermeño Fernandez, challenges the distribution of marital assets in this dissolution case. The appellant essentially contends that she was shortchanged by the trial court’s distribution scheme and, thus, claims the trial court abused its discretion in its division of marital property in this instance. While, generally speaking, we cannot say that the trial court abused its discretion in dividing the marital estate herein, we find there was error as to the trial court’s division of certain stocks, bonds, and a Kem-per annuity fund.
In January 1991, the appellant sought to divorce the appellee, Gabriel Carlos Fernandez. She, thus, filed the instant divorce petition, accompanied by a financial affidavit. The financial affidavit reflected that, at that time, the parties had $50,200 cash on hand, which the appellant claims consisted of a certificate of deposit and a Kemper annuity that was to mature in March 1991. The affidavit also indicated that the parties held $18,000 in “municipals and stocks” and $10,- . 000 in bonds — a total of $28,000 in such assets.
While the instant proceedings were pending in the trial court, both parties lived in the marital home under a temporary order. The appellant alleges that during that time, all of the parties’ cash on hand was spent, both by stipulation of the parties and with court approval, on various marital obligations, as well as on the parties’ current living expenses.
In its final judgment, the trial court, for the most part, equally divided the parties’ remaining assets and liabilities. The asset description included in the final judgment showed that the $50,200 cash on hand originally reflected in the appellant’s January *1313 1991 financial affidavit remained in the appellant’s possession to date. The trial court, thus, ordered that the cash on hand be distributed to the appellant. The trial court further ordered that approximately $21,500 be distributed to the appellee, as one-half the value of approximately $43,000 worth of stocks and bonds currently held by the parties.
In a timely filed motion for rehearing, the appellant challenged the trial court’s distribution scheme, contending that the $50,200 cash on hand charged against her share of the marital estate no longer existed, as it had been spent on marital obligations pursuant to stipulation of the parties. The appellant also claimed that the $21,000 Kemper annuity never existed separate and apart from the cash on hand and that the parties never owned more than $28,000 worth of stocks and bonds — total. The trial court denied the appellant’s motion for rehearing without further proceedings. The appellant thus timely filed the instant appeal.
Among other things, the appellant argues here that she has been ordered to pay one-half of the Kemper annuity to the appellee; however, the final order, while apportioning one-half of the Kemper annuity to each of the parties herein, acknowledges in a footnote that the Kemper annuity was “[e]xpended by joint agreement dining proceedings.” Based on the record before us, the real discrepancy as to the Kemper annuity appears to be that the trial court considered it to exist separate and apart from the cash on hand, despite the uneontradicted evidence to the contrary. There also appears to be a discrepancy as to the correct valuation of the parties’ stocks and bonds on the date of the final judgment.
Based on the foregoing, we reverse the final order only as to those marital assets comprised of stocks, bonds, and the Kemper annuity fund. We therefore remand the case to the trial court with directions to hold a further hearing to revisit the division of the assets at issue in light of the appellant’s contentions herein and to adjust the division of those assets as the court determines is equitable under these circumstances.
Reversed in part and remanded with directions.
PARKER and ALTENBERND, JJ., concur.